UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH DEWAYNE BELL,

       Petitioner,

    v.                               Case No. 04-cv-4002-JPG

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kenneth Dewayne Bell's ("Bell") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), a supporting brief and exhibits (Docs. 2 & 3) and a supplement to that motion (Doc. 6). Pursuant to the Court's instruction, the government responded to several issues raised by Bell's filings (Doc. 10), and Bell has replied to that response (Doc. 13).

## I.    Background

In October 1998, Bell was indicted on one count of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Represented by Robert Crego ("Crego"), Bell pled guilty pursuant to a written plea agreement in January 1999.

Approximately two weeks after his guilty plea, Bell sought to withdraw his plea on the grounds that he lied about the voluntary nature of his plea because his counsel and the government misinformed him of his options. After holding a hearing and carefully reviewing the plea hearing, the Court determined that when he pled guilty Bell demonstrated his understanding of the charge and its factual basis as well as the consequences of a guilty plea. It further found that Bell had not presented sufficient reasons for the Court to discredit his testimony at the plea hearing, including his statements that no threats or promises had been made

to him other than the plea agreement and that he was pleading guilty as his own free and voluntary act.

On February 4, 2000, the Court sentenced Bell to serve 274 months in prison.[1]  Final judgment was entered on the docket sheet on February 9, 2000.  Bell did not appeal his sentence or conviction and, in accordance with the plea agreement, received a substantial reduction in sentence (106 months) because of his cooperation with the government.

Nearly four years later, in January 2004, Bell filed the pending § 2255 motion.  In it he alleges essentially that his guilty plea was not knowing and voluntary because Crego was constitutionally ineffective in his performance leading up to the plea.  Specifically, he alleges that Crego failed to investigate and discover evidence that two government agents involved in his case had been accused of framing defendants by lying and fabricating evidence and of misusing public funds.  Bell asserts that had he known of such impeachment evidence before his guilty plea, he would have chosen instead to go to trial.  He also faults Crego with "threatening" him that he would get a life sentence if he went to trial and lost, a prospect which Crego advised him was likely in light of the government's evidence.  He also alleges that Crego was not paid enough to motivate him to represent Bell vigorously.

In November 2004, Bell filed a supplement to his § 2255 motion in which he challenges his sentence based on *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005).

---

[1]Bell's sentencing occurred before the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

The Court directed the government to respond to the questions of whether Bell waived his arguments in the pending motions in his plea agreement and whether Bell's petition satisfied the one-year limitations period for § 2255 petitions set forth in § 2255, ¶ 6.  It declined to order a substantive response to Bell's motion.

The government responded that Bell's plea agreement waived his *Blakely/Booker* argument and that the one-year limitations period bars his motion.

## II.    Limitations Bar

Bell filed his § 2255 motion and its supplement after the one-year statute of limitations set forth in paragraph 6 of § 2255 expired.  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence.  The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

3

To determine if Bell's motion is timely, the Court must determine when Bell's one-year period began and whether his January 2004 motion and November 2004 supplement fell within that period.

A.    Date Conviction Became Final

Bell's conviction became final on February 24, 2000.  A conviction becomes final for purposes of § 2255 when the time expires for filing an appeal contesting the conviction.  *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (expiration of period to file a petition for a writ of *certiorari*).  The Court entered judgment against Bell on February 9, 2000.  The ten days allowed for Bell to appeal his criminal conviction to the Court of Appeals under Federal Rule of Appellate Procedure 4(b)(A)(i) (excluding weekends and holidays) expired on February 24, 2000.  Thus, the one-year statute of limitations began to run the next day, February 25, 2000, and Bell had until February 24, 2001, to file his motion if the relevant trigger date is determined by § 2255, ¶ 6(1).  *See United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (holding that final day for filing is anniversary of triggering event).

B.    Impediment by Improper Government Action

It appears that Bell may be arguing that he was not able to file his § 2255 motion earlier because *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005), were not decided earlier.  He may also be arguing that the government's failure to timely discover the impeachment evidence he believes exists impeded his ability to file a § 2255 motion.  Bell has not, however, alleged any "governmental action *in violation of the Constitution or laws of the United States*," (emphasis added), a necessary element for the cessation of the governmental action to be the one-year triggering event.

4

C.    Date Right Was Recognized

To the extent that Bell's motion relies on *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 543 U.S. 220 (2005), (not all of his claims are based on those cases) Bell may be arguing that the third event listed in § 2255 is the one-year limitation triggering event.  Those cases are insufficient, however, to trigger § 2255's one-year limitations period.  Subsection 3 of § 2255, ¶ 6, requires that a *Supreme Court case* be made *retroactive to cases on collateral review*.  The Supreme Court decided *Blakely* on June 24, 2004, but that case had not been made retroactively applicable on collateral review.  Thus, § 2255, ¶ 6(d) does not apply to it.  As for the *Booker* decision upon which Bell relies, it was a Court of Appeals case, not a Supreme Court case, and neither it nor the Supreme Court's review of that case have been made retroactive on collateral review.  *See McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) (holding that the Supreme Court's *Booker* decision is not retroactively applicable to cases on collateral review).  Thus, subsection 3 would not trigger the one-year limitations period in this case.

D.    Discovery of Facts

Bell also appears to be arguing that the facts supporting his claims could not have been discovered through the exercise of due diligence more than a year before he filed his § 2255 motion in January 2004.  However, Bell has not alleged any facts that both support his claims and were not available to him at the time of his sentencing.

Bell attaches to his motion a portion of a transcript from a 1993 trial in which a witness testified that one of the law enforcement officers involved in Bell's case attempted to frame an innocent suspect.  Bell also attaches to his motion several newspaper clippings, two from 2003 and one from a time period when Janet Reno was the Attorney General (1993 - 2001).  One of

the 2003 articles is about a subpoena issued to a law enforcement officer involved in Bell's case; the subpoena relates to an investigation of funds spent by a drug task force involved in Bell's arrest.  The other 2003 article relates to the low pay and low quality of those appointed to represent indigent criminal defendants.  The earlier newspaper clipping is a nearly illegible letter to the editor and Janet Reno complaining about the prosecution of African-Americans in federal court.

None of the "facts" alleged by Bell support his claim that his plea was involuntary or that his counsel provided substandard advice or investigation prior to the plea.  They do not demonstrate any threats or coercion in connection with Bell's plea, nor do they imply that Bell was not adequately informed when he made his guilty plea.  Bell's speculation that any unproven nefarious activities by the law enforcement officers who arrested him somehow rendered his plea involuntary is completely baseless.  Furthermore, the evidence Bell cites has no bearing whatsoever on the question of whether Bell's counsel was constitutionally sufficient.  To the extent that the events mentioned in the articles deal with events after his guilty plea, counsel could not possibly have discovered them and advised Bell about them prior to his plea.  As for questions about the quality of those assigned to represent indigent defendants, such allegations (with which the Court strongly disagrees based on its experience) have been made long before Bell's prosecution even began and could have been discovered by Bell at that time.

The "new facts" alleged by Bell are simply either not new or do not support the constitutional claims he attempts to advance in his § 2255 motion.  They do not cast any doubt on the voluntary nature of his plea (which the Court found on at least two occasions in Bell's criminal proceedings) or on the competence of his counsel.  They are not sufficient, therefore, to invoke § 2255, ¶ 6(4).

For the foregoing reasons, the Court finds that the relevant trigger date for the one-year

limitations period is February 24, 2000, the date on which Bell's judgment of conviction became

final.  His § 2255 motion filed in January 2004 and its supplement filed in November 2004 are

too late.

## III.   Merits

Even it the new facts Bell presents regarding the investigation into alleged law

enforcement wrongdoing had triggered § 2255's one-year limitation period, the Court would

deny the motion on the merits.  The Court must grant a § 2255 motion when a defendant's

"sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. §

2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary

situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  Relief under § 2255 is

available only if an error is "constitutional, jurisdictional, or is a fundamental defect which

inherently results in a complete miscarriage of justice."  *Barnickel v. United States*, 113 F.3d

704, 705 (7th Cir. 1997) (quotations omitted).  It is proper to deny a § 2255 motion without an

evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate

that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Bell claims that his counsel was constitutionally ineffective and that his plea was

therefore involuntary.  A party claiming ineffective assistance of counsel bears the burden of

showing (1) that his trial counsel's performance fell below objective standards for reasonably

effective representation and (2) that this deficiency prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 688-94 (1984);  *Fountain v. United States*, 211 F.3d 429, 434 (7th

Cir. 2000).  In a case where a petitioner pled guilty as a result of alleged ineffective assistance of

counsel, to satisfy the second *Strickland* prong, he must show that there is a reasonable

probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Hays v. United States*, 397 F.3d 564, 568 (7th Cir.), *cert. denied*, 126 S. Ct. 422 (2005); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)).

The Court can quickly dispose of Bell's motion on the merits because he has failed to point to any objective evidence that he would not have entered a guilty plea had he known of the investigation into wrongdoing of law enforcement officers involved in his case. He relies solely on his own self-serving statements, which are not sufficient to warrant § 2255 relief.

**IV.    Conclusion**

In light of the Court's finding that Bell's § 2255 motion is untimely under § 2255, ¶ 6(4), the Court need not address the waiver issue. For the reasons set forth in this order, the Court **DENIES** Bell's § 2255 motion and its supplement (Docs. 1 & 6) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  July 19, 2006**

s/ J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

8